UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| DANIEL L. DOUCETTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 16-075-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | **MEMORANDUM OPINION** |
| Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Daniel Doucette, previously a client of former attorney Eric Conn, has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). [Record No. 33] This Court remanded this case under sentence four of 42 U.S.C § 405(g) and directed the reinstatement of benefits pending further administrative proceedings. [Record No. 31] However, this case was not remanded until after Doucette's attorney, Evan Smith, submitted a merits brief to the United States Court of Appeals for the Sixth Circuit. Smith seeks $8,680.61 in fees at an hourly rate of $207.67 for 41.80 hours of work and expenses in the amount of $905.00. The Commissioner filed a response and explained it does not object to the amount of attorney's fees and filing fees payable as costs from the Judgment Fund administered by the United States Department of Treasury. [Record No. 34]

While the Court will grant attorney's fees, it does not agree with the parties that an award of $8,680.61 at an hourly rate of $207.67 is reasonable. Even though Doucette is being awarded attorney's fees under the EAJA, the district court has a duty to ensure that the amount

- 1 -

of fees under the EAJA is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Reasonable fees are those that are "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). The Court uses the lodestar method to calculate reasonable attorney's fees under the EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The lodestar method multiplies the number of hours reasonably expended by a reasonable hourly rate. *Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 702 (6th Cir. 2016) (citing *Hensley*, 461 U.S. at 433).

The EAJA has a presumed statutory cap of $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). The statutory cap applies "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. The plaintiff is required to show that the "prevailing market rate" in the local legal community exceeds the statutory cap. *Bryant v. Commissioner of Social Sec*., 578 F.3d 443, 450 (6th Cir. 2009). Once the Court determines the prevailing market rate based on the evidence in the record, the Court must determine whether increases in the cost of living justify an award of attorney's fees over the statutory maximum. *Begley v. Sec'y of Health & Human Servs*., 966 F.2d 196, 200 (6th Cir. 1992). The plaintiff must "produce satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant,* 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n.11, 898).

Smith has submitted declarations from two other attorneys attesting that the prevailing market rate is at least $205.00 an hour and that there are a limited number of attorneys willing

to take Social Security appeals. [Record Nos. 33-3, 33-4] The affidavit submitted by attorney Joe Childers states that he is familiar with the type of litigation and issues in Social Security appeals, but he does not take those cases due to the lack of economic incentives to do so. Further, the affidavit from attorney Thomas Moak also asserts that he no longer takes Social Security appeals, but contends the private market rate for these cases is at least $205.00 an hour. [Record No. 33-4] Smith also provided information about rates in Michigan. However, "[t]he relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, No. 10-428-JBC, 2012 U.S. Dist. LEXIS 97559, at *2 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health & Hum. Servs.*, 782 F.2d 545, 547 (6th Cir. 1986)). The local prevailing rate is the one that governs the analysis, not out-of-state comparisons. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000). Thus, information about the prevailing market rate in Michigan is irrelevant to the analysis. Smith also provided information about fees for other types of cases within the jurisdiction. However, the Court looks at fees for the kinds of services furnished, not for fees for all types of cases. *See Carson v. Colvin*, No. 13-94-GFVT, 2015 U.S. Dist. LEXIS 118866, at *6 (E.D. Ky. Sept. 8, 2015). Finally, Smith provides that the increased cost of living according to the Bureau of Labor and Statistics, CPI Inflation Calculator is $207.67 in February 2020 dollars.

Judges regularly award the market rate of $125.00 per hour in the Eastern District of Kentucky in most social security matters. *See, e.g., id*. at *7 (collecting cases). In *Taylor v. Berryhill*, United States District Judge Joseph Hood declined to exceed the statutory maximum for attorney Smith in a Conn-related remand case. No. 18-cv-071-JMH, 2019 U.S. Dist. LEXIS 115939, at *6-8 (E.D. Ky. July 12, 2019). He determined that the work done did not

involve a complex legal analysis or require substantial legal work to receive a favorable outcome. *Id*. at *7. Further, as Judge Hood explained, "the weight of authority in the Eastern District of Kentucky supports using the $125.00 statutory rate in most Social Security cases." *Id*. However, Judge Hood did note that "some of the attorneys representing Conn clients may be entitled to an increase in the statutory maximum fee based on the complexity of the actions and other relevant factors." *Id*. at 9.

This case differs from *Taylor v. Berryhill* and warrants a slight upward adjustment above the statutory cap for attorney's fees. This case did involve more complex legal questions and substantive legal work than *Taylor*. Here, attorney Smith spent time preparing for an appeal before the United States Court of Appeals for the Sixth Circuit before the Commissioner agreed to reverse and remand under *Hicks v Commissioner*, 909 F.3d 786 (6th Cir. 2018). Attorney Smith also includes a list of cases where he was awarded fees above the statutory maximum, including another case captioned *Taylor v. Berryhill*, No. 16-cv-195-DLB, 2017 U.S. Dist. LEXIS 88234 (E.D. Ky. June 1, 2017), where he received $195.00 per hour. The Court believes an upward adjustment from $125.00 an hour to $150.00 an hour accurately reflects the complexity of the legal issues in this case and the work completed.

The Court agrees that the hours spent on this case are reasonable. Multiplying 41.8 hours by a rate of $150.00 per hour, Doucette is entitled to $6,270.00 in attorney's fees. Additionally, the Court agrees that the filing fees totaling $905.00 should be paid as costs from the Judgment Fund administered by the Department of the Treasury.

The Commissioner correctly notes that a fee award under the EAJA must be paid directly to the plaintiff—not to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). An "assignment of an EAJA award

that predates the actual award is void." *Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013). Thus, the fee award shall be paid directly to Doucette. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Daniel Doucette's motion for attorney's fees and costs [Record No. 33] is **GRANTED**, in part, and **DENIED**, in part.

2. Attorney's fees will be awarded in the amount of $6,270.00 to be paid directly to Plaintiff Doucette.

3. Costs in the amount of $905.00 shall be payable from the Judgment Fund administered by the United States Department of Treasury.

Dated: April 7, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky