UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| DANIEL L. DOUCETTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 16-075-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | **MEMORANDUM ORDER** |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Daniel L. Doucette, a former client of ex-attorney Eric Conn, filed a motion

for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

[Record No. 33]  Doucette's attorney, Evan Smith, sought $8,680.61 in fees at an hourly rate

of $207.67 for 41.80 hours of work and expenses in the amount of $905.00.  [*Id*.]  The Court

awarded $7,315.00, based on an hourly rate of $150.00 to be paid directly to Doucette, and

costs in the amount of $905.00.  [Record No. 35]

Doucette appealed the award of attorney's fees to the United States Court of Appeals

for the Sixth Circuit, arguing that the award was unreasonable because it was below the market

rate.  [Record No. 36]  The Sixth Circuit agreed with Smith, vacated the fee award, and

remanded the matter "to determine the appropriate hourly rate given the market range

established by the plaintiffs."  [Record No. 40, p. 10]  The court explained that evidence

established "a range of comparable market rates between $205 and $500."  [*Id*. at 8.]

Courts must determine reasonable attorney's fees under the EAJA.  *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796 (2002).  This Court utilizes the lodestar method, multiplying the

- 1 -

number of hours reasonably expended by a reasonable hourly rate, in determining the amount of reasonable attorney's fees. *Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 702 (6th Cir. 2016) (citation omitted). There is a presumptive statutory cap of $125.00 per hour unless the plaintiff can demonstrate a reason to justify a higher fee award, such as an increased cost of living or the limited availability of qualified attorneys to handle the matter. 28 U.S.C. § 2412(d)(2)(A). To exceed the statutory cap, the plaintiff must show that the "prevailing market rate" in the local community exceeds the statutory cap and "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Attorney Smith submitted two declarations from other attorneys attesting to the fact that the prevailing market rate is at least $205.00 an hour and that there are a limited number of attorneys willing to take Social Security appeals because of the lack of financial incentive to do so. [Record Nos. 33-3, 33-4] Smith also provided that, as of February 2020, the increased cost of living according to the Bureau of Labor and Statistics, CPI Inflation Calculator is $207.67 in February 2020 dollars. [Record No. 33, p. 12]

Based on the Sixth Circuit's opinion and the evidence provided by attorney Smith, the Court will grant attorney's fees in the amount requested. The Court will award $8,680.61 in

attorney's fees at an hourly rate of $207.67 for 41.80 hours of work and expenses in the amount of $905.00.[1]

Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Daniel Doucette's motion for attorney's fees and costs [Record No. 33] is **GRANTED**.

2.      Attorney's fees are awarded in the amount of $ 8,680.61 to be paid directly to Plaintiff Doucette.

3.      Costs in the amount of $905.00 shall be payable from the Judgment Fund from the United States Department of Treasury.

Dated:  October 25, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] As noted in the Court's previous Memorandum Opinion and Order, a fee award under the EAJA must be paid directly to the plaintiff, not the plaintiff's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017).  An "assignment of an EAJA award that predates the actual award is void." *Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013).  Accordingly, the fee award will be paid directly to Doucette.